DARIN W. SNYDER, State Bar No. 136003
ERIC J. KNAPP, State Bar No. 214352
MICHAEL SAPOZNIKOW, State Bar No. 242640
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
Telephone:     (415) 984-8700
Facsimile:     (415) 984-8701
Email:  eknapp@omm.com

Attorneys for Plaintiff, Telephia, Inc.


TERRY KEARNEY, State Bar No. 160054
MICHAEL B. LEVIN, State Bar No. 172329
KARIN B. SWOPE, *admitted pro hac vice*
CHRISTOPHER R. PARRY, State Bar No. 209858
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
Email: mlevin@wsgr.com


Attorneys for Defendant, M:Metrics, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| TELEPHIA, INC., a Delaware corporation, ) <br><br> Plaintiff, ) <br> v. ) <br><br> M:METRICS, INC., a Delaware corporation, ) <br><br> Defendant. ) <br> _____ ) <br> ) <br> M:METRICS, INC., a Delaware corporation, ) <br><br> Counter-Complainant, ) <br> v. ) <br><br> TELEPHIA, INC., a Delaware corporation, ) <br><br> Counter-Defendant ) <br> _____ ) | CASE NO.:  C 06 3767 SBA <br><br> STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

[PROPOSED] PROTECTIVE ORDER
Case No. C 06 3767 SBA

Pursuant to Federal Rule of Civil Procedure 26(c), the parties hereby request the entry of the following Protective Order Regarding Confidential Information:

1.      The Order shall be applicable to and govern all depositions, initial disclosures, documents produced in response to requests for production or subpoenas, answers to interrogatories, responses to requests for admissions, tangible objects, and all other information disclosed pursuant to the Federal Rules of Civil Procedure and the Civil Local Rules that any party or third party designates as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.      A party or third party may designate as "Confidential" any material that the party reasonably believes to constitute or include proprietary technical, business or financial information, or personal information or information furnished to it in confidence by any third-party, which information is not known or freely accessible to the general public.

3.      Information or materials designated as "Confidential" may be disclosed to the parties for the purposes of the litigation, but must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used solely in connection with this litigation, and not for any business, competitive, governmental, or other purpose or function, such information shall not be used in any other litigation, and such information shall not be disclosed to anyone except as provided herein.

4.      A party or third party may designate as "Highly Confidential - Attorneys' Eyes Only" any material that the party reasonably and in good faith believes the disclosure of which would result in the disclosure of trade secrets or other highly sensitive technical, research, development, production, personnel, commercial, or business information (including but not limited to proprietary information, contracts, bids, corporate planning documents, strategic planning documents, documents that reveal market or customer analyses, competitive strategy, research and development documents, financial statements, and other financial or budgetary documents).  Information or materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be those things of a proprietary business, financial, or technical nature that might be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights

- 2 -

1  thereto, and that must be protected from disclosure. Absent a specific order by this Court, once

2  designated as "Highly Confidential - Attorneys' Eyes Only," such designated information shall be

3  used solely in connection with this litigation, and not for any business, competitive, or

4  governmental purpose or function, such information shall not be used in any other litigation, and

5  such information shall not be disclosed to anyone except as provided herein.

6       5.    The designation of information or material as "Confidential" or "Highly

7  Confidential - Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the

8  following manner by the party or nonparty seeking protection:

9       (a)    in the case of documents, exhibits, briefs, memoranda, interrogatory

10  responses, responses to requests for admission, or other materials (apart from depositions or other

11  pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, to at least the first page of any

13  document containing any confidential information or material;

14       (b)    in the case of depositions or other pretrial or trial testimony: (i) by a

15  statement on the record, by counsel, during such deposition or other pretrial or trial proceeding

16  that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly

17  Confidential - Attorneys' Eyes Only," as appropriate, hereunder; or (ii) by written notice of such

18  designation sent by counsel to all parties prior to the deposition or within fifteen (15) days after

19  the mailing (via overnight mail) to counsel of the transcript of the deposition. The parties shall

20  treat all deposition and other pretrial and trial testimony as "Highly Confidential - Attorneys' Eyes

21  Only" hereunder until the expiration of fifteen (15) days after the mailing (via overnight mail) to

22  counsel of the transcript of the deposition. Unless so designated, any confidentiality is waived

23  after the expiration of the 15-day period unless otherwise stipulated or ordered. The parties may

24  modify this procedure for any particular deposition or proceeding through agreement on the record

25  at such deposition or proceeding or otherwise by written stipulation, without further order of the

26  Court. If any document or information designated as "Confidential" or "Highly Confidential -

27  Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition

28

- 3 -

[PROPOSED] PROTECTIVE ORDER
Case No. C 06 3767 SBA

1   record reflecting such confidential information shall be sealed and stamped with the designated

2   degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this

3   Protective Order.

4               (c)     Notwithstanding any of the foregoing, parties or third parties may designate

5   material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at any time after such

6   material is produced.  The disclosure of material before it is designated as "Confidential" or

7   "Highly Confidential – Attorneys' Eyes Only" shall not constitute a violation of this Order.  In the

8   event material is disclosed by the receiving party to a third party prior to its designation as

9   "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the receiving party shall make a

10  reasonable effort to notify the third party of the designation, and secure the return of such material

11  from the third party.   If the third party refuses to return such material, the disclosing party bears

12  the burden of seeking appropriate relief from the Court.

13          6.      When a party wishes to designate as "Confidential" or "Highly Confidential –

14  Attorneys' Eyes Only" materials produced by another party, such designation shall be made

15  within thirty calendar days (30) of the production of the materials by notice to all parties and to

16  any third-party producing the material.  The notice shall identify the materials to be designated

17  with particularity (by production number or by providing other adequate identifying information).

18  Such notice shall be sent by facsimile and regular mail.  Upon notice of designation pursuant to

19  this section, all parties subject to this Protective Order receiving notice of the requested

20  designation of materials shall (a) make no further disclosure of the material or information

21  contained therein, except as allowed in this Order; (b) take reasonable steps to notify any persons

22  known to have possession of or access to such materials of the re-designation of any materials;

23  and (c) take reasonable steps to reclaim or prevent access to such material or information in the

24  possession or control of any person not permitted to have access under the terms of this Order.

25          7.      Any source code produced shall also be designated as "Highly Confidential –

26  Attorneys' Eyes Only" and shall be subject to the following procedures:

27

28
                                              - 4 -

(a)    the producing party shall provide two (2) copies of source code in encrypted format on optical disks;

(b)    such source code may be copied to storage media, including hard drives, flash memory drives, and optical disks, so long as said storage media is not connected to or accessible on any computer network or the internet, and so long as such storage media are kept in a secure location when not in regular use;

(c)    said source code may only be viewed on a computer that is not connected to or accessible on any computer network or the internet; and

(d)    said source code on said storage media shall be protected by password protection and/or encryption at all times that it is not being viewed on said computer.  Aside from the storage media referenced in paragraph 7(b), no source code should be stored anywhere electronically in an unencrypted format.

(e)    Upon the conclusion of this action (as provided in Paragraph 26 below), the parties shall delete all source code from the storage media referenced in paragraph 7(b) above and overwrite the bits for those files on said computers' storage media using the Eraser program or comparable software.  Any storage media not amenable to being overwritten (e.g. optical disks) shall be destroyed.

(f)    If the receiving party wishes to send storage media containing source code to another approved party (e.g., an expert authorized to review confidential information under this protective order), the password required to decrypt the storage media should not be transmitted with the package or materials containing the storage media.

(g)    The parties may print out on paper portions of the source code to use as exhibits in depositions, hearings, and pleadings provided that all paper copies are marked "Highly Confidential – Attorneys' Eyes Only" on each page and protected according to the provisions of this protective order.

8.    Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described,

[PROPOSED] PROTECTIVE ORDER
Case No. C 06 3767 SBA

characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)	parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)	employees of the parties, including in-house counsel, whose assistance is needed by counsel for the purposes of this litigation;

(c)	subject to the provisions of Paragraphs 10 and 11 herein, outside experts, advisors, and consultants (including their employees and support staff) retained by counsel of record in this litigation, provided that such experts, consultants, or investigators shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business.  Outside experts, advisors, and consultants must be retained solely for the purpose of advising and assisting outside counsel or giving expert testimony in this action or any other action between the parties;

(d)	the Court, pursuant to Paragraph 13 herein;

(e)	court reporters employed in connection with this action;

(f)	graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 12 herein;

(g)	non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 12 herein;

(h)	federal prosecutors investigating, and members of a grand jury empanelled to investigate, criminal charges related to the allegations in the Complaint;

(i)	any neutral third parties, including mediators, engaged by the the parties for alternative dispute resolution, along with necessary legal, paralegal, and secretarial personnel working under the direction of the neutral third parties; and

- 6 -

[PROPOSED] PROTECTIVE ORDER
Case No. C 06 3767 SBA

(j)     any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 11 herein.

9.     Information or material designated as "Highly Confidential - Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     parties' outside counsel of record in this action and regular and temporary employees of parties' outside counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)     subject to the provisions of Paragraphs 10 and 11 herein, outside experts, advisors, and consultants (including their employees and support staff) retained by counsel of record in this litigation, provided that such experts, consultants, or investigators shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business.   Outside experts, advisors, and consultants must be retained solely for the purpose of advising and assisting outside counsel or giving expert testimony in this action or any other action between the parties;

(c)     the Court, pursuant to Paragraph 13 herein;

(d)     court reporters employed in connection with this action;

(e)     graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 12 herein;

(f)     non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 12 herein;

(g)     federal prosecutors investigating, and members of a grand jury empanelled to investigate, criminal charges related to the allegations in the Complaint;

(h)     any neutral third parties, including mediators, engaged by the the parties for

- 7 -

[PROPOSED] PROTECTIVE ORDER
Case No. C 06 3767 SBA

1  alternative dispute resolution, along with necessary legal, paralegal, and secretarial personnel

2  working under the direction of the neutral third parties; and

3          (i)     any other person only upon order of the Court or upon written consent of

4  the party producing the confidential information or material, subject to and conditioned upon

5  compliance with Paragraph 11 herein.

6          (j)     The parties retain the right to move the Court to add additional parties,

7  including without limitation their General Counsel and other in-house legal staff, to this list of

8  persons permitted access to documents and information marked "Highly Confidential – Attorneys

9  Eyes Only."  The parties shall have the right to file such a motion at any time, without prejudice.

10         10.     The undersigned counsel shall maintain a list of persons to whom "Confidential" or

11 "Highly Confidential – Attorneys' Eyes Only" material is disclosed, and such list shall be

12 available for inspection by the Court.  The persons receiving "Confidential" or "Highly

13 Confidential – Attorneys' Eyes Only" material are enjoined from disclosing it to any other person,

14 except as permitted by this Order.

15         11.     A party desiring to disclose documents or things designated "Confidential" or

16 "Highly Confidential – Attorneys' Eyes Only" to outside experts or consultants under Paragraphs

17 8(c) or 9(b) herein shall first obtain from each expert or consultant a signed a copy of the form

18 attached hereto as Exhibit A (the "Acknowledgment") as well as a current resume (curriculum

19 vitae).  A copy of the Acknowledgment and resume shall be served upon counsel for the

20 designating party with a cover letter identifying each company for whom the expert or consultant

21 has done work in the past five (5) years, is currently engaged in doing work, and has a contract or

22 agreement to do work in the future.  The designating party shall then have five (5) business days

23 from receipt of the Acknowledgment, resume, and cover letter to serve a written objection to such

24 disclosure.  Any written objection shall state with specificity the reason(s) for such objection.

25 Objections to disclosure shall be made only in good faith.  If counsel for the designating party

26 objects within five (5) business days, there shall be no disclosure to such expert or consultant

27 except by the parties' agreement or further order of the Court pursuant to resolution of a motion

28
                                        - 8 -

brought by counsel for the receiving party.  If, within the five (5) business-day period, the designating party objects to the disclosure, counsel shall consult with each other in an attempt to reach an agreement.  Failing that and for good cause shown, the party proposing the expert or consultant may file a motion seeking permission to make the disclosure.  On any such motion, the designating party shall bear the burden of showing why disclosure of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information to that expert or consultant should be precluded.

12.     All persons listed in Paragraphs 8(c), 8(e), 8(f), 8(g), and 8(i) above may be given access to information or material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.  Similarly, all persons listed in Paragraphs 9(b), 9(d), 9(e), 9(f), and 9(h) above may be given access to information or material designated as "Highly Confidential - Attorneys' Eyes Only" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

13.     Any person may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which that person had lawfully received or authored prior to and apart from this action.  During examination, any such witness may be shown information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party provided that the examining party makes a reasonable effort to obtain the witness's compliance with Paragraph 12.  The designating party shall have the right to exclude all persons not authorized to have access to information and materials that have been designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" from the room where the deposition is being conducted only during that portion of the

- 9 -

deposition in which "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information is disclosed.

14.     If a party wishes to submit to the Court any document or material that comprises, embodies, summarizes, discusses, or quotes from "Confidential" or "Highly Confidential - Attorneys' Eyes Only" material, the party shall comply with Local Rule 79-5. By complying with this paragraph, however, no party waives its right to seek relief pursuant to Paragraph 15 of this Protective Order.  Nothing in this section shall prevent a party from filing its own "Confidential" or "Highly Confidential - Attorneys' Eyes Only" material not under seal, or prevent a party from obtaining agreement from the party that designated the material "Confidential" or "Highly Confidential - Attorneys' Eyes Only" that the material need not be filed under seal.

15.     A party or third party shall not be obligated to challenge the propriety of a "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation at the time made, and failure to do so shall not preclude a subsequent challenge.  A party may challenge the other party's designation by serving a written objection upon the producing party.  The burden of proving that the information has been properly designated as protected is on the party making such designation. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection.  The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation.  To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court after conferring with the producing party, with confidential portions thereof to be filed provisionally under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided.  Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated.

- 10 -

[PROPOSED] PROTECTIVE ORDER
Case No. C 06 3767 SBA

16.     All "Highly Confidential - Attorneys' Eyes Only" or "Confidential" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in this Protective Order.

17.     All counsel for the parties who have access to information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

18.     Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order, shall not:

(a)     operate as an admission by any party that any particular information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contains or reflects trade secrets, or proprietary or commercially sensitive information, or any other type of confidential information;

(b)     operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only";

(c)     prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d)     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(e)     prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f)     prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

- 11 -

(g)     prejudice in any way the rights of a party to make a showing that information or materials of proprietary or competitive value, but which are not specifically included in the categories of "Highly Confidential - Attorneys' Eyes Only" information or materials itemized in Paragraph 4 above, are properly designated "Highly Confidential - Attorneys' Eyes Only"; or

(h)     prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

19.     Notwithstanding any provision of this Order, any attorney who receives information designated under this Order by an opposing Party as "Highly Confidential – Attorneys' Eyes Only" shall be precluded from being substantively involved in any way in preparing or prosecuting for a client who is a party to this suit (including by way of drafting, editing, revising and/or providing substantive input regarding the nature of the claims) any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("USPTO"), or any similar proceedings with any foreign counterpart to the USPTO.   This bar shall expressly prohibit any Outside Counsel who has received "Highly Confidential – Attorneys' Eyes Only" information from providing any information to the parties' patent attorneys regarding market conditions. This preclusion is limited to patents and patent applications having an effective filing date before this action, during this action, or within two years after termination of this action.

20.     This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained lawfully by such party independently of any proceedings in this action, or which:

(a)     was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

- 12 -

(b)      is or becomes publicly known through no fault or act of such party; or

(c)      is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

21.      In the event that information requested from a party contains a third-party's confidential or proprietary information, the producing party will make a good faith attempt to obtain consent of the non-party prior to disclosing such information.  If the producing party cannot obtain the third-party's consent, the producing party will notify the requesting party of (a) the existence of the information, and (b) the identity of the non-party.  In its discretion, the producing party may also redact the third party's confidential information to protect the third-party's interests.  Nothing in this Protective Order shall be interpreted to affect any party's obligation to produce responsive documents or information, notwithstanding the fact that it may contain a third-party's confidential or proprietary information.

22.      If a party inadvertently produces "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it is obvious from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party.  As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 8 or 9 above, as well as any copies made by such persons.

23.      The inadvertent production of any privileged materials or other materials exempt from production by any party making production of materials in this proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof.  Each such party reserves the right to redesignate as privileged or exempt any materials that it produces or has already produced.  Such redesignation shall be effective only as

- 13 -

of the date of such redesignation (and subject to all the other provisions hereof). In the event material is disclosed by the receiving party to a third party prior to its redesignation as privileged or exempt, the receiving party shall make a reasonable effort to notify the third party of the designation, and secure the return of such material from the third party. If the third party refuses to return such material, the redesignating party bears the burden of seeking appropriate relief from the Court. The redesignating party shall, within 24 hours of after the return of any materials redesignated as privileged, submit a privilege log to the receiving party describing the documents that were returned.

24. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party hereto for good cause.

25. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

26. The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action. Notwithstanding the parties' continuing obligations to comply with this Protective Order, the Court shall retain jurisdiction to enforce the terms of this order for six months after the final termination of this action, including without limitation any appeals therefrom. Within sixty (60) days of the final resolution of all related litigation between the parties covered by this Protective Order, all "Confidential" material, all "Highly Confidential – Attorneys' Eyes Only" material, and all copies thereof, shall be (1) upon request, returned to the party that produced it, or (2) destroyed. Counsel and the parties shall certify in writing that they have complied with this section.

- 14 -

[PROPOSED] PROTECTIVE ORDER
Case No. C 06 3767 SBA

27.     In the event that any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" through such use.  Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order, subject to court approval.

28.     If any party (a) is subpoenaed in another action, (b) is served with a discovery demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand, or legal process, to those who produced or designated the information or material "Confidential" or "Highly Confidential - Attorneys' Eyes Only."  Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand, or other legal process, the party shall respond by setting forth the existence of this Protective Order.  Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court.  Once notification is given pursuant to this provision, it shall be the obligation of the party or person that designated the information or materials at issue to challenge such a subpoena, demand, or other legal process, and not the obligation of the party or person that received the subpoena, demand, or other legal process.

- 15 -

Dated: September 1, 2006                    **O'MELVENY & MYERS LLP**


                                            By: __/s/ Michael Sapoznikow_____
                                                 Michael Sapoznikow

                                            Attorneys for Plaintiff
                                            TELEPHIA, INC.


Dated: September 1, 2006                    **WILSON SONSINI GOODRICH & ROSATI P.C.**


                                            By: __/s/ Christopher Parry_____
                                                 Christopher Parry

                                            Attorneys for Defendant
                                            M:METRICS, INC.



                              **ORDER**


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Dated:  Oct. 18, 2006                       _____
                                            ~~The Honorable Saundra Brown Armstrong~~
                                            ~~United States District Judge~~



- 16 -

EXHIBIT A

## **CERTIFICATION TO RECEIVE CONFIDENTIAL MATERIAL**

I, _____, hereby certify my understanding that Confidential

Material is being provided to me pursuant to the terms and restrictions of the Protective Order

dated _____, in *Telephia, Inc. v. M:Metrics, Inc.,* Case No. C 06 3767 SBA,

pending in the United States District Court for the Northern District of California.   My address is

_____

_____.

My present occupation is _____.

I have been given a copy of that Protective Order and read it.  I agree to be bound by the

Protective Order.  I will not reveal the Confidential Material to anyone, except as allowed by the

Protective Order.  I will maintain all such Confidential Material – including copies, notes, or other

transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.  No later

than thirty (30) days after the conclusion of this action, I will return the Confidential Material –

including copies, notes, or other transcriptions made therefrom – to the counsel who provided me

with the Confidential Material.  I hereby consent to the jurisdiction of the United States District

Court for the Northern District of California for the purpose of enforcing the Protective Order.

Executed this _____ day of _____, 20____, at

_____.

I declare under penalty of perjury that the foregoing is true and correct.

_____

[PROPOSED] PROTECTIVE ORDER
Case No. C 06 3767 SBA

[BY021070.022]

1

2

Filer's Attestation: Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that

3

concurrence in the filing of this document has been obtained from the other signatories.

4

5

Dated: September 1, 2006

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

6

7

By: _____/s/Christopher Parry_____
Christopher Parry

8

9

Attorneys for Defendant
M:METRICS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO.

[39867-0009-000000/PALIB1_2923093_3.DOC]